UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                            <u>ORDER</u>

THOMAS CHAMBLISS,                   No. 09-CR-274-2 (CS)

                      Defendant.
------------------------------------------------------x

<u>Seibel, J.</u>

      Before the Court is Defendant Thomas Chambliss's motion for reduction of sentence

under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (ECF Nos. 196, 198-99,

201-02), and the Government's opposition thereto, (ECF No. 200).

      On September 29, 2011, Defendant was sentenced principally to forty-five (45) years'

imprisonment on his convictions after trial for narcotics conspiracy, use of a firearm in

connection with a narcotics conspiracy, Hobbs Act robbery conspiracy, Hobbs Act robbery,

murder through the use of a firearm, and witness tampering. (ECF No. 100.) That sentence was

below the advisory Sentencing Guidelines range of life. He has served approximately thirteen-

and-a-half years. He argues that his sentence should be reduced based on his youth at the time of

the offense and his chaotic upbringing; his need to care for family members; his rehabilitation

while imprisoned; the disparity between his sentence and those of others; and the fact that Hobbs

Act robbery and robbery conspiracy are no longer considered crimes of violence for purposes of

the career offender provision of the Sentencing Guidelines.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the § 3553(a) factors, reduce a

sentence if extraordinary and compelling reasons justify such action and it is consistent with the

relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes

similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community.  Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.  But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."  *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  "The defendant bears the burden of showing that the circumstances warrant a sentence reduction."  *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

Defendant was twenty years old at the time of the offenses, and I recognize that at that age, the brain is not fully developed and terrible decisions can result.  Youth at the time of the offense can contribute to a finding of extraordinary and compelling circumstances, *see Brooker*, 976 F.3d at 238, particularly where the crimes were "split-second" and "hot-headed," *United States v. Ramirez*, 571 F. Supp. 3d 40, 48-49 (S.D.N.Y. 2021).  That was not the case here, as the conduct – including the armed robbery of a drug dealer that predictably ended up in a murder – was planned.  Defendant's upbringing was a tragedy, and he was utterly failed by adults in his life.  That can also contribute to a finding of extraordinary and compelling circumstances.  *Id.* at 50-51.  That said, I was aware of Defendant's youth and upbringing at the time of sentencing and

2

took them into account in imposing a below-Guidelines sentence.  *See United States v. Cueto*, No. 11-CR-1032, 2021 WL 621188, at *5 (S.D.N.Y. Feb. 17, 2021).

Defendant also argues that he is needed to help care for his mother and nephew.  Being unavailable to assist family members is one of "the sad and inevitable consequences of incarceration."  *United States v. John*, No. 15-CR-208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020).  Hardship on the family almost always results from serious criminal conduct, and while "it is truly unfortunate that [Defendant]'s incarceration has placed that burden on his [family] . . . that does not constitute an extraordinary and compelling reason to shorten his otherwise justly deserved sentence."  *Id.*; *see United States v. Vailes*, No. 16-CR-297, 2020 WL 3960505, at *3 (E.D.N.Y. July 13, 2020) ("There is no question that a defendant's incarceration is painful and burdensome to family members, who must bear the stress of managing their lives without the defendant's help.  It is an unfortunate fact, however, that these burdens are common to almost all families of incarcerated people, and do not constitute extraordinary or compelling factors.").  Moreover, there is no indication that Mr. Chambliss is the only family member who could assist his relatives.

Defendant also points to his completion of over fifty programs and his mentorship of others as evidencing his rehabilitation.  "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C.A. § 994(t), but I may consider it in combination with other factors in determining whether there are extraordinary and compelling reasons for a sentence reduction.  *See United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling  is that '[r]ehabilitation . . . *alone* shall not be

3

considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)) (emphasis in

*Brooker*).  Defendant's participation in programming is commendable, especially because, as he

notes, with a forty-five-year sentence it is unclear when he will get to apply his knowledge

outside of prison.  Yet participation in programs is not exceptional or even unusual.  Even if it

were, such participation here is more than outweighed by Defendant's lengthy disciplinary

history.  He has accumulated sixty (60) disciplinary violations in the Bureau of Prisons ("BOP"),

including fighting, possession of narcotics and possession of dangerous weapons.  He has also

apparently developed the habit of masturbating in front of corrections officers, having been

disciplined twenty-seven (27) times for engaging in sexual acts.  Defendant also racked up thirty

(30)  disciplines during a three-year period in the Westchester County Jail from 2008 to 2011

before entering BOP custody.  His conduct from age thirteen onward has been one of regular,

ongoing violation of the rules.  I recognize that his most recent discipline was two years ago, and

that may mark a change in Defendant's attitude.  I also see some increased insight in Defendant's

correspondence.  But I would need to see a much longer period of good behavior to conclude that

a Defendant with this kind of record has been rehabilitated.

Defendant notes that he was the only defendant to apologize to the victim's family and

that he did not pull the trigger.  I took those factors into account at the time of sentencing, and

Defendant received a lower sentence than his co-defendants.  He also presents some statistics that

show his sentence to be above the national average for murder.  These statistics do not tell us

whether those individuals accepted responsibility or went to trial; whether or not they obstructed

justice; what other convictions they sustained; whether they were subject to mandatory

minimums; or what their criminal histories were.  They are therefore of limited utility.  They do not suffice to show extraordinary and compelling circumstances.

Finally, *United States v. Chappelle*, 41 F.4th 102 (2d Cir. 2022), does not aid Defendant, essentially for the reasons stated by the Government.  He was not sentenced as a career offender, and Hobbs Act robbery is valid predicate for convictions under 18 U.S.C. §§ 924(c), (j).  *United States v. Hill*, 890 F.3d 51, 55 (2d Cir. 2018); *see United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022).

Accordingly, I am dubious that the reasons advanced by Defendant, individually or collectively, amount to extraordinary and compelling circumstances.  But I will assume for the sake of argument that they do.

I would still have to consider the § 3553(a) factors.  They militate against reduction of Defendant's already-below-Guidelines sentence, especially only about a third of the way into that sentence.  One needs to say little more than that a man is dead.  Defendant was a member of a violent gang.  He was responsible for putting large quantities of crack into circulation (including using a minor to do so) and for a robbery that resulted in a death.  He attempted to tamper with a witness.  His priors included two violent  robberies.  Previous sentences did not deter him.  A very significant sentence is necessary to reflect the seriousness of the offense; provide just punishment; promote respect for the law; provide deterrence and protect the public from further crimes.  In short, if there were  extraordinary and compelling circumstances, the § 3553(a) factors would outweigh them.

It may be that much further down the line, the balance would be different, but for now, for the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to

5

terminate ECF Nos. 196 and 198, and to send a copy of this Order to Thomas Chambliss, No.

85143-054, USP Pollock, U.S. Penitentiary, P.O. Box 2099, Pollock, LA  71467.

Dated: September 7, 2022
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

6