UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA

ORDER

- v. -

No. 09-CR-274-2 (CS)

THOMAS CHAMBLISS,

Defendant.
-----------------------------------------------------------x

Seibel, J.

Before the Court is Defendant Thomas Chambliss's second motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (ECF No. 239, 241), the Government's opposition thereto, (ECF Nos. 243, 246), and Defendant's reply, (ECF No. 248).

On September 29, 2011, Defendant was sentenced principally to forty-five (45) years' imprisonment on his convictions after trial for narcotics conspiracy, use of a firearm in connection with a narcotics conspiracy, Hobbs Act robbery conspiracy, Hobbs Act robbery, murder through the use of a firearm, and witness tampering. (ECF No. 100 ("Judgment").) That sentence was below the advisory Sentencing Guidelines range of life. He has served almost seventeen-and-a-half years.[1] He argues that his sentence should be reduced based on changes in the law regarding 18 U.S.C. §§ 924(c) and 924(j), insufficiency of the evidence, improper application of the Sentencing Guidelines, his youth at the time of the offense and the amount of time he has already served.

---

[1] If he was credited with time served in state custody, as the Court recommended, (*see* Judgment at 3), he has served eighteen-and-a-half years of his sentence.

A defendant may bring a motion under § 3582(c)(1)(A) only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." But this exhaustion requirement is non-jurisdictional and can be waived or forfeited by the Government. *United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) (*per curiam*). Here the Government has waived exhaustion, (ECF No. 243 at 6 n.8), so I proceed to the merits.

Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 also permits a sentence reduction for extraordinary and compelling reasons, and additionally requires that the Defendant not be a danger to the safety of any other person or the community. *See* U.S.S.G. § 1B1.13(a), p.s. The Policy Statement, as amended, *see United States v. Feliz*, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023),[2] identifies as extraordinary and compelling certain circumstances relating to medical condition, age, family, prison abuse, and unusually long sentences, as well as any other circumstances of similar gravity,

---

[2] I agree with the court in *Feliz*, which found that the November 1, 2023 amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the First Step Act; that *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), therefore does not apply to the new version of Policy Statement 1B1.13; and that "[a]ccordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, also find that granting such relief is consistent with Policy Statement 1B1.13." 2023 WL 8275897, at *4; *see United States v. Corbett*, No. 10-CR-184, 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023) ("The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated."). But the outcome here would be the same even under *Brooker* and the old version of 1B1.13. (Unless otherwise indicated, case quotations in this Order omit internal quotation marks, citations, alterations and footnotes. The Court will send Defendant copies of any unreported decisions cited in this Order.)

*see* U.S.S.G. § 1B1.13(b)(1)-(6). The burden is on the defendant to show that a sentence reduction is warranted. *See United States v. Fernandez*, 104 F.4th 420, 427 (2d Cir. 2024), *cert. granted in part*, 145 S. Ct. 2731 (2025), *aff'd*, 146 S. Ct. 1292 (2026). But because Defendant proceeds *pro se*, I construe his submissions liberally and interpret them to raise the strongest arguments they suggest. *See United States v. Washington*, No. 16-CR-505, 2021 WL 1252036, at *1 (S.D.N.Y. Apr. 5, 2021) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

To the extent Defendant alleges insufficiency of the evidence or otherwise challenges the validity of his convictions, any such claim is precluded by the Supreme Court's decision in *Fernandez*, which held that alleged doubts about a conviction's validity do not qualify as extraordinary and compelling reasons for relief under § 3582 and that a prisoner must proceed through 28 U.S.C. § 2255 to collaterally attack his conviction. *See* 146 S. Ct. at 1298.

Turning to changes in the law, under the policy statement found at U.S.S.G. § 1B1.13(c), p.s., changes in law may not be considered for purposes of determining whether extraordinary and compelling reason for a sentence reduction exists (although they may be considered, if such reasons otherwise exist, in determining the extent of a reduction), *see id.*, except as provided in U.S.S.G. § 1B1.13(b)(6), p.s. That latter policy statement provides that if a defendant "received an unusually long sentence and has served at least [ten] years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)" may be considered in determining whether extraordinary and compelling reason exists, but only where the change would "produce a gross disparity between" the sentence imposed and "the sentence likely to be imposed at the time the motion is filed." *Id.*

Defendant argues that the First Step Act of 2018 ("FSA"), which eliminated the mandatory "stacking" of multiple § 924(c) conviction, is such a change in the law. (*See* ECF No. 239 at 5.) But (assuming that a forty-five year sentence for crimes including murder is "unusually long") the FSA does not provide a basis for relief here. The Supreme Court has held that "the sentencing disparity created by Congress's nonretroactive change to § 924(c)'s mandatory penalties" cannot serve as "an extraordinary and compelling reason that warrants a reduction" under § 3582(c)(1)(A), *Rutherford v. United States*, 146 S. Ct. 1320, 1326 (2026), and that "[t]o the extent that it counsels otherwise, the [Sentencing] Commission's policy statement is invalid," *id.* at 1335.

Defendant also relies on changes in the law resulting from two Supreme Court decisions, (*see* ECF No. 239 at 3-4), but neither creates the gross disparity required under § 1B1.13(b)(6), p.s. First, Defendant argues that under *Barrett v. United States*, which held that "Congress has not authorized convictions under both 18 U.S.C. §§ 924(c)(1)(A)(i) and (j) for one act that violates both provisions," 607 U.S. 128, 149 (2026), his § 924(c) conviction should have been merged into his § 924(j) conviction. But the § 924(c) conviction (Count Two) was based on Defendant's participation in a narcotics distribution conspiracy, whereas the § 924(j) conviction (Count Eleven) was based on the murder of Tyrone Bergmann in the course of a Hobbs Act robbery. (*See* Judgment 1-2; ECF No. 34 at 2, 9-10). The two convictions were thus not based on the same "one act," and thus *Barrett* does not bar them. There was a § 924(c) conviction based on the murder of Bergmann during the robbery (Count Ten), but it was dismissed and Defendant was not sentenced on it. (Judgment at 1; ECF No. 131 ("Sent. Tr.") at 11-12; *see* ECF No. 94.) Accordingly, the sentencing complied with *Barrett.*

In response Defendant contends that the Government is attempting to predicate the § 924(j) conviction on a different § 924(c) conviction than the one on which it relied at trial and which the jury found, and that the Government cannot substitute a different predicate at this stage. (*See* ECF No. 248 at 1-2.) But it is doing no such thing. As noted, the § 924(j) conviction (Count Eleven) was based on the murder of Bergmann during the robbery, and the jury indeed returned a guilty verdict on the corresponding § 924(c) charge (Count Ten). But the Court did not sentence Defendant on that corresponding charge, as *Barrett* directs. Thus, the jury found the necessary § 924(c) predicate, as required to support the § 924(j) conviction. That there was a separate § 924(c) conviction (Count Two) based on different conduct (the narcotics conspiracy) does not violate *Barrett*, which applies only where the § 924(c) and § 924(j) convictions are based on "a single act that violates both" provisions. 607 U.S. at 131. Because there was no *Barrett* violation, that change in the law did not produce any disparity justifying a reduction.

*Lora v. United States* held that – counterintuitive though it may be, *see United States v. Young*, 561 F. App'x 85, 93 (2d Cir. 2014) (summary order) – a § 924(j) conviction (unlike a § 924(c) conviction) need not be run consecutively to another sentence. *See* 599 U.S. 453, 455 (2023). Defendant correctly argues that at the time of sentencing, the Court was of the view that the § 924(j) sentence had to be consecutive. (*See* Sent. Tr. at 13-26.) But that does not mean that there is gross disparity between the sentence imposed and the sentence Defendant would get today. *See United States v. Fuller*, No. 09-CR-274, 2020 WL 5849442, at *2 (S.D.N.Y. Oct. 1, 2020) (several of defendant's convictions "would have had lower mandatory minimum sentences if he were sentenced today[ b]ut that does not mean he would have received a lower sentence"). To the contrary, the record is clear that Defendant would have gotten the same sentence

regardless of the *Lora* error, as the total sentence of 45 years was not driven by the belief that a 25-year sentence consecutive sentence on Count Eleven was mandatory. I explained at the sentencing that: (1) the mandatory minimum of 40 years was insufficient for the conduct; and (2) I had reduced the sentence on four other counts to account for the fact that there were mandatory consecutive sentences required on Counts Two and Eleven. (Sent. Tr. at 143-44.) In other words, I determined that 45 years was sufficient but not greater than necessary, and constructed an interdependent sentencing package to reach that result, (*see* Sent. Tr. at 144); I did not give a higher sentence than I would have had I understood that the Count Eleven sentence did not have to be consecutive. *See United States v. McCoy*, No. 02-CR-1372, 2022 WL 2981445, at *8 (S.D.N.Y. July 27, 2022) (record clear "that, however the sentence was allocated among counts, [the judge] would have exercised her sentencing authority to achieve" the sentence imposed). Defendant thus cannot establish any disparity, let alone a "gross" one.

Next, Defendant argues that an "821 sentencing enhancement," apparently relating to a firearm, was wrongfully applied. (*See* ECF No. 239 at 4.) He may mean to refer to the firearm enhancement under U.S.S.G. § 2D1.1(b)(1), which provides for a two-level increase if a firearm was possessed in connection with a narcotics offense under 21 U.S.C. §§ 841 or 846. But that enhancement was not applied, because there was a § 924(c) conviction corresponding to the narcotics offense. *See* U.S.S.G. § 2K2.4, comment. (n.4(A)). If Defendant meant to refer to a prior felony information under 21 U.S.C. § 851, that also was not applied.

Nor, for the reasons set forth in my Order on Defendant's prior motion under § 3582(c)(1)(A), does Defendant's age at the time of the offenses rise to the level of

extraordinary and compelling. (*See* ECF No. 203 at 2-3.)[3] Finally, while Defendant has made some good use of his time in prison, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C. § 994(t), although I may consider it in combination with other factors in determining whether there are extraordinary and compelling reasons for a sentence reduction, *see United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)) (emphasis in *Brooker*). Defendant's participation in programming is commendable, although not exceptional, and – as noted in connection with Defendant's earlier motion – it is more than outweighed by Defendant's lengthy disciplinary history, which includes literally dozens of disciplines, many of them serious. In fact, even though his previous application was denied in part because of his disciplinary history, Defendant has since then accumulated four more serious incidents. (*See* ECF No. 243-1 at 2-3.) I recognize that his most recent discipline was about eighteen months ago, but Defendant previously had a two-year period with no incidents and then

[3] Moreover, I was aware of and considered Defendant's age at the time of sentencing. Although "the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction," U.S.S.G. § 1B1.13(e), factors "fully considered at the time of sentencing . . . do not support a reduction of sentence, let alone qualify as extraordinary and compelling reasons for such relief, *United States v. Geraldo*, No. 11-CR-1032, 2026 WL 1329412, at *5 (S.D.N.Y. May 13, 2026); *see Fernandez v. United States*, 146 S. Ct. 1292, 1307 (2026) (Sotomayor, J., concurring) ("A motion for compassionate release cannot justify a reduced sentence if it relies solely on facts a court already considered in imposing the initial sentence, rather than any changed circumstances that developed after sentencing."); *United States v. Green*, No. 17-CR-506, 2025 WL 3470099, at *3 (S.D.N.Y. Dec. 3, 2025) ("While courts may consider youth-related characteristics under § 1B1.13, youth alone – even substantial youth – is insufficient to meet the 'extraordinary and compelling' standard, particularly where it was accounted for at sentencing."); *id.* ("Nothing in [Defendant's] motion identifies a post-sentencing development that renders his youth newly extraordinary or compelling under § 3582(c)(1)(A).").

resumed. I would need to see a much longer period of good behavior to conclude that Defendant has been rehabilitated.

In short, Defendant has not shown an extraordinary and compelling reason justifying a reduction. Even if he had, I would still have to consider the § 3553(a) factors. For the reasons set forth in my prior Order, (*see* ECF No. 203 at 5), they militate against reduction of Defendant's already-below-Guidelines sentence not even halfway into that sentence.

As previously explained, it may be that much further down the line, the balance would be different, but for the reasons stated above, the motion is denied. The Clerk of Court is respectfully directed to terminate ECF No. 239, and to send a copy of this Order to Thomas Chambliss, No. 85143-054, USP Pollock, U.S. Penitentiary, P.O. Box 2099, Pollock, LA 71467.

Dated: July 24, 2026
White Plains, New York

Cathy Seibel

CATHY SEIBEL, U.S.D.J.